UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

APOLINARIO LUCIANO PEREZ-LOPEZ,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-07928-DAD-CKD

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND TO EXPEDITE

(Doc. Nos. 1, 2, 3)

On September 28, 2026, petitioner has filed a *pro se* petition for writ of habeas corpus challenging his current detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release from custody (Doc. No. 2), and a motion to expedite consideration of his habeas petition and TRO motion. (Doc. No. 3.) The court issued an order setting a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 5.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought in the motion, then it would rule directly on the merits of the underlying petition based on the briefing now before it. (*Id.*) The court further directed respondent to

indicate whether it opposed the court taking such action. (*Id.*) Respondent subsequently filed a response in opposition to the TRO motion and asserts that the court should dismiss or deny petitioner's habeas petition. (Doc. No. 7.) Respondent has stated no opposition to the court ruling on the pending petition based on the current briefing before it and the court will do so.

Petitioner is a citizen of Guatemala who entered the United States at an unknown time and place.[1] (Doc. No. 1 at 1.) In July 2026, petitioner was arrested and placed into ICE custody during a traffic stop. (Doc. No. 7 at 1.) Petitioner asserts in part that his due process rights were violated because he has not been given an individualized custody determination. (*Id.* at 2.) Respondent includes petitioner's I-213 form which indicates that petitioner was also taken into custody during a traffic stop in Florida. (Doc. No. 7 at 13.) Respondent claims though that petitioner's current detention is lawful pursuant to 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.)

The court rejects respondent's arguments for the reasons discussed below. Most specifically, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a), the statute respondent concedes controls petitioner's current detention, requires his immediate release. In *Zurita Navarro,* 2026 WL 2294963, at *1, the undersigned set forth the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer at which a petitioner is provided the opportunity to demonstrate that his release would not pose a danger or flight risk. Those procedures were not followed here. Respondent notes that petitioner could now, *post-hoc*, request a bond hearing. (Doc. No. 7 at 3–4.) Nonetheless, there is nothing in the record suggesting that petitioner received the *pre*-detention hearing that due process required. That failure alone to comply with

/////

---

[1] Respondent's states in its brief that petitioner is a citizen of Nicaragua. (Doc. No. 7 at 1). However, it appears that respondent is relying on documents (Doc No. 7 at 7–10), involving a different immigration detainee rather than this petitioner whose I-213 form clearly states he is a citizen of Guatemala. (Doc. No. 7 at 12.)

the required due process procedures compels the conclusion that petitioner is entitled to his release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

For the reasons stated above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Apolinario Luciano Perez-Lopez, A-File No. 213-167-726, from respondent's custody;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations;
3. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to expedite (Doc. No. 3) are DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;
4. The Clerk of the Court is directed to serve the warden of the California City Immigration Processing Facility with a copy of this order; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE